UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ASHLEY DIKAN** | * | **CIVIL ACTION NO.: 12-2626** |
| **versus** | * | **JUDGE: WALTER** |
| **CYPRESS BEND RESORT** | * | **MAGISTRATE JUDGE: HORNSBY** |

<u>**Answer and Affirmative Defenses**</u>

　　**NOW INTO COURT**, through undersigned counsel, comes the Defendant, AMERICAN LIBERTY HOSPITALITY SERVICES, INC., erroneously identified as Cypress Bend Resort, who respectfully answers the Petition filed by Ashley Dikan.

1.

　　American Liberty Hospitality Services, Inc., erroneously identified as Cypress Bend Resort, admits its status as Defendant and that its business operates at 2000 Cypress Bend Parkway, Many, LA, 75231.

2.

　　The allegation of Paragraph 2 of the Petition for Damages regarding the Louisiana Whistleblower Protection Act, La. R.S. § 23:967, does not require a response from this Defendant because it is a conclusion of law.  However, the second part of Paragraph 2 is vague and ambiguous as to "other applicable state law claims."  Defendant cannot adequately defend itself against unspecified claims.  To the extent that a response may be required, the allegations are denied.

3.

The allegations of Paragraph 3 of the Petition for Damages are admitted only as to the fact that Plaintiff, Ashley Dikan, began employment as a night auditor at Cypress Bend on February 3, 2012.  The remaining allegations of Paragraph 3 of the Petition for Damages are denied as written.

4.

The allegations of Paragraph 4 of the Petition for Damages are denied as written.

5.

The allegations of Paragraph 5 of the Petition for Damages are denied.  Furthermore, the "Night Audit Manual" and the email sent by Barbara Rams are the best evidence of their content.

6.

The allegations of Paragraph 6 of the Petition for Damages are denied as written, except to admit that defendant did perform unsatisfactory.

7.

The allegations of Paragraph 7 of the Petition for Damages are denied.

8.

The allegations of Paragraph 8 of the Petition for Damages are vague and ambiguous. The allegations fail to adequately describe the alleged workplace practices and fail to cite the law allegedly violated.  Furthermore, whether any workplace practices violated the law calls for a legal conclusion.  To the extent a response may be required, the allegations of Paragraph 8 of the Petition for Damages are denied.

9.

The allegations of Paragraph 9 of the Petition for Damages are denied.

10.

The allegations of Paragraph 10 of the Petition for Damages are denied.  Furthermore, the email sent by Barbara Rams is the best evidence of its content.

11.

The allegations of Paragraph 11 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.  Furthermore, the "Night Audit Manual" is the best evidence of its content.

12.

The allegations of Paragraph 12 of the Petition for Damages are denied.

13.

The allegations of Paragraph 13 of the Petition for Damages are admitted only as to the fact that Plaintiff was terminated from Cypress Bend Resort.  All remaining allegations of Paragraph 13 of the Petition for Damages are denied.

14.

The allegations of Paragraph 14 of the Petition for Damages are denied.

15.

The allegations of Paragraph 15 of the Petition for Damages are denied.

16.

The allegations of Paragraph 16 of the Petition for Damages are denied.

17.

The allegations of Paragraph 17 of the Petition for Damages are denied.  Furthermore, any documents considered in Plaintiff's appeal to the Missouri Division of Employment Security ("MDES") or sent by Defendant's counsel to the MDES are the best evidence of their content.

18.

The allegations in Paragraph 18 of the Petition for Damages are denied.  Furthermore, the determination of the Missouri Division of Employment Security Appeals Tribunal is the best evidence of its content.

19.

The allegations in Paragraph 19 of the Petition for Damages are denied.

20.

The allegations of Paragraph 20 of the Petition for Damages are vague and ambiguous. The allegations fail to cite the law allegedly violated.  Furthermore, whether any action violated the law calls for a legal conclusion.  To the extent a response may be required, the allegations of Paragraph 20 of the Petition for Damages are denied.

21.

The allegations of Paragraph 21 of the Petition for Damages do not require a response from this Defendant because they are conclusions of law.  To the extent a response is deemed required, the allegations are denied.  It is further denied that Plaintiff is entitled to relief.

22.

The allegations in Paragraph 22 of the Petition for Damages are denied.

23.

The allegations in Paragraph 23 of the Petition for Damages are denied.

24.

The allegations in Paragraph 24 of the Petition for Damages are denied.

25.

The allegations in Paragraph 25 of the Petition for Damages are denied.

26.

The remaining allegations of the Petition for Damages constitute Plaintiff's prayer for relief to which no answer is required.  However, to the extent the allegations of Plaintiff's prayer are deemed allegations of material fact, they are denied.

27.

Defendant, AMERICAN LIBERTY HOSPITALITY SERVICES, INC., denies each and every allegation of material fact contained in Plaintiff's Petition for Damages not previously admitted, denied or otherwise qualified.

**AND NOW FURTHER ANSWERING** Plaintiff's Petition for Damages, Defendant, AMERICAN LIBERTY HOSPITALITY SERVICES, INC., avers as follows:

28.

Defendant did not violate any state law.

29.

Plaintiff did not disclose or threaten to disclose a workplace act or practice of American Liberty Hospitality Services, Inc. that was in violation of state law, and Plaintiff was not asked to participate in an employment act or practice that was in violation of state law.  Therefore, she could not and did not object or refuse to do so.  Plaintiff did not engage in protected activity.

30.

The alleged actions of the Plaintiff do not constitute "whistleblowing" within the meaning of La. R.S. § 23:967.

31.

All actions of Defendant were taken in good faith, for legitimate, non-discriminatory and non-retaliatory reasons, and in compliance with all provisions of applicable law.

32.

Defendant specifically denies any act or omission on its part or the part of any of its employees or assigns, which would justify any claim for relief or punitive damages.

33.

Defendant specifically denies any allegations of intentional and/or knowing conduct and other conduct which may form the legal basis for entitlement to damages, including punitive damages.  Defendant further denies that the acts and/or omissions alleged by Plaintiff amount to fault, negligence, intentional and/or reckless disregard, callous indifference, arbitrary, capricious, willful, malicious, or reckless conduct.

34.

Defendant affirmatively pleads that Plaintiff was an at-will employee and that there was no contract of employment between Plaintiff and American Liberty Hospitality Services, Inc.

35.

Some or all of the relief Plaintiff seeks is barred by Plaintiff's failure to mitigate her damages, if any.

36.

Defendant avers that its action or practice was not in violation of the law, and therefore, Defendant is entitled to reasonable attorney fees and court costs from the Plaintiff pursuant to La. R.S. § 23:967(D).

37.

In addition, Defendant avers that Plaintiff has brought her suit for retaliation in bad faith, and therefore, Defendant is entitled to reasonable attorney fees and court costs from the plaintiff pursuant to La. R.S. 23:967(D).

38.

Defendant has incurred and continues to incur attorneys' fees and costs for defending the retaliation claim and defamation and other tort claims in the present action.

39.

Defendant and its agents and representatives have not given false statements to the MDES.  All statements and information given to the MDES have been provided in good faith and without actual or implied malice.

40.

Defendant specifically raises the defense of qualified immunity for statements and information provided to the MDES.  *See Boyd v. Community Credit Corp.*, 359 So.2d 1048, 1050 (La.App. 4th Cir. 1978); See also *Williams v. Touro Infirmary,* 578 So.2d 1006, 1010 (La.App. 4 Cir. 1991).

41.

All statements and actions by Defendant were made in good faith, and an employer who undertakes an investigation of employee misconduct enjoys a qualified or conditional privilege when making statement in good faith, on the subject in which he has interest or duty, to one having a corresponding interest or duty. *Hines v. Arkansas Louisiana Gas Co.,* 613 So.2d 646, 656 (La.App. 2nd Cir. 1993), *writ denied*, 617 So.2d 932 (La. 1993).

42.

Plaintiff was not injured by any statements and information given to MDES by Defendant.

43.

Plaintiff's Whistleblower claim should be dismissed because: (i) the Defendant did not commit a violation of the law; and (ii) Plaintiff's inappropriate actions of reconfiguring and manipulating the Defendant's computer system led to her termination.  Thus, Defendant did not terminate Plaintiff for allegedly engaging in protected activity.

44.

Plaintiff's defamation and negligence claims should be dismissed: (i) the Defendant's comments to the unemployment office are entitled to the qualified privilege; (ii) proving mere negligence is insufficient to overcome the qualified privilege; (iii) Plaintiff's allegations do not overcome the qualified privilege; and (iv) the Defendant's comments to the unemployment office were neither false nor defamatory.

**WHEREFORE**, premises considered, Defendant prays that after all due proceedings that there be judgment in their favor and against Plaintiff with full prejudice and at Plaintiff's cost. Defendant further prays for all relief to which it is entitled and an award in its favor for attorneys' fees (including costs and expert fees) incurred in the defense of this action as a prevailing party.

Respectfully submitted,

**THE MYERS LAW GROUP, LLP**

By:      S/Angella H. Myers
         **Angella H. Myers**
         La. State Bar No. 25411
         amyers@myerslawllp.com
         **Mark C. Carver**
         La. State Bar No. 22297
         mcarver@myerslawllp.com
         1100 Poydras St., Suite 2520
         New Orleans, LA  70163
         Telephone:  (504) 252-9877
         Facsimile:  (504) 252-9878

**ATTORNEYS FOR DEFENDANT**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2013 the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system.

S/Angella H. Myers
Angella H. Myers